UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OLMEDO RIGONAR LEON,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HAYWARD BUILDING DEPARTMENT and CITY OF HAYWARD<br><br>    Defendants. | Case No. 17-cv-02720-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 30 |

## INTRODUCTION

Plaintiff Omeldo Leon alleges that the defendants — the City of Hayward and the Hayward Building Department — misused city zoning ordinances to harass and discriminate against him and his daughter. Mr. Leon claims the defendants' actions deprived him of his constitutional rights and violated California state law.[1] The defendants moved to dismiss the amended complaint under Rule 12(b)(6).[2] This motion can be decided without oral argument. *See* Civil L.R. 7-1(b). The court concludes that amended complaint does not remedy the defects the court identified in its

---

[1] First Amend. Compl. ("FAC") – ECF No. 25. Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Motion – ECF No. 30.

order dismissing the original complaint.³ The plaintiff states no viable federal claim. The court therefore lacks subject-matter jurisdiction over the remaining state-law claims. The amended complaint is dismissed with leave to amend.

## STATEMENT

This dispute stems from zoning violations. More specifically, Hayward Building Department charged Mr. Leon fines for zoning violations associated with his garage, which he also used as an accessory dwelling unit ("ADU"). He claims that these violations existed when he bought his house.

Mr. Leon adds the following new facts to his amended complaint. Mr. Leon and his daughter, who has an engineering degree, made "repeated attempts to submit plans . . . and to proceed in the work of legalizing the unpermitted work in the garage to legalize the ADU," but "were refused the right to file their permit to legalize the ADU."⁴ The only permit the Department issued him, at his "great cost and expense," was a "permit to demolish" the infracting structure.⁵ In addition, "during several visits to the [Department], he was subjected to punishing, discriminatory and unfair practices . . . including the repetition of demeaning, sexist and discriminatory remarks, such as calling his daughter 'a purported engineer,' stating that she was 'unlikely to be capable of doing the design work . . .'"⁶ The Department levied "a number of very heavy fines" against him.⁷ He was "told that the amount required to appeal [the zoning decisions] exceeded . . . $800," which is "an amount high enough to discourage appeals."⁸

Hayward previously filed a motion to dismiss Mr. Leon's original complaint under Rule 12(b)(6) for failure to state a claim.⁹ The court granted the motion, with leave to amend, because

---

³ Order – ECF No. 22.
⁴ FAC – ECF No. 25 at 4–5 (¶¶ 16, 20).
⁵ *Id.* at 5 (¶ 19).
⁶ *Id.* at 5 (¶ 20).
⁷ *Id.* at 5 (¶ 21).
⁸ *Id.*
⁹ *See generally* ECF No. 9.

Mr. Leon stated no viable federal claim and thus the court lacked subject-matter jurisdiction of this case.[10] Mr. Leon filed an amended complaint that brings the following legal claims: (1) through 42 U.S.C. § 1983, violation his Fourteenth Amendment rights to due process and equal protection; (2) violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; (3) intentional infliction of emotional distress under California law; and (4) negligent infliction of emotional distress under California law.[11] The defendants move to dismiss the amended complaint under Rule 12(b)(6).[12]

## GOVERNING LAW

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A claim will normally survive a motion to dismiss if it offers a "short and plain statement . . . showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). This statement "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . . ." *Twombly,* 550 U.S. at 555 (internal

---

[10] Order – ECF No. 22 at 1.

[11] FAC – ECF No. 25 at 4–7. The court notes that Mr. Leon does not bring a claim against the defendants under the Eighth Amendment in the FAC (as he did in the original complaint). The defendants ask the court to dismiss Mr. Leon's Eight Amendment claim in their Motion to Dismiss the FAC. *See* Amend. Motion to Dismiss – ECF No. 30 at 4. The court does not address the Eighth Amendment argument here because it is not a claim in the FAC.

[12] *See generally* Amend. Motion to Dismiss – ECF No. 30.

citations omitted). Also, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n. 2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz*, 234 F.3d at 435.

While a court construes *pro se* pleadings more "leniently," the court cannot salvage claims that are fatally deficient. *See De la Vega v. Bureau of Diplomatic Sec.*, No. 07-CV-3619-WHA, 2007 WL 2900496, at *1 (N.D. Cal. Oct. 1, 2007). If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

The defects identified in the original complaint remain in the amended complaint, as Mr. Leon does not allege any new facts that support the claims he brings against the defendants.[13] The complaint does not state a minimally viable federal claim. Accordingly, the court dismisses the first amended complaint under Rule 12(b)(6) but grants leave to amend to give Mr. Leon a final opportunity to state a claim against the defendants.

**1. Procedural Due Process**

Mr. Leon brings a procedural-due-process claim through § 1983 and also under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. Because the amended complaint does not identify new facts about any denial of adequate procedural protections, this claim is dismissed.

The Fourteenth Amendment protects individuals against governmental deprivations of property without due process of law. The amendment has both procedural and substantive aspects.

---

[13] Order – ECF No. 22.

*See, e.g., United States v. Salerno,* 481 U.S. 739, 746 (1987). "To prevail on a claim for a procedural due process violation, the party must prove three elements: 1) a protectable liberty or property interest, 2) government deprivation of that interest, and 3) a denial of adequate procedural protections." *Holman v. City of Warrenton,* 242 F. Supp. 2d 791, 803 (D. Or. 2002) (citing *Foss v. Nat'l Marine Fisheries Serv.,* 161 F.3d 584, 588 (9th Cir. 1998)).

Mr. Leon complains about the demolition costs and the zoning fines, but as the court previously concluded based on the facts presented in the complaint, nothing "begins to suggest that the defendants denied Mr. Leon 'adequate procedural protections.'"[14] Additionally, Mr. Leon did not pursue an appeal of the decision to deny his permit application. The court therefore dismisses the procedural-due-process claim.

### 2. Substantive Due-Process

Mr. Leon also appears to bring a substantive-due-process claim. The court previously dismissed this claim for failure to suggest official conduct that "shocks the conscience" or is "arbitrary in the constitutional sense."[15] The amended complaint does not introduce any new facts that change that conclusion. The court therefore dismisses the substantive-due-process claim.

### 3. Equal Protection

Mr. Leon brings an equal-protection claim. The court dismisses this claim because the complaint does not allege discriminatory intent or that Mr. Leon is a member of a protected class. "To state a § 1983 claim for violation of the Equal Protection Clause," a plaintiff "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) *cert. denied*, 525 U.S. 1154 (1999)); *accord Thornton v. City of St. Helens,* 425 F.3d 1158, 1166 (9th Cir. 2005).

---

[14] Order – ECF No. 22 at 8–9.

[15] Order – ECF No. 22 at 9–10.

In the amended complaint, Mr. Leon claims that the defendants made "discriminatory and abusive comments" to him and his daughter, "including the repetition of demeaning, sexist and discriminatory remarks, such as calling his daughter 'a purported engineer,' stating that she was 'unlikely to be capable of doing the design work . . . .'"[16] Mr. Leon claims that such discrimination deprived him of "any actual assistance in clarifying what actually needed to be done."[17] These facts do not show discriminatory intent or that Mr. Leon is part of a protected class. And moreover, to the extent the claim is based on the defendants' treatment of his daughter, an equal-protection right cannot be vicariously asserted. *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973); *Wesgate v. Leorna*, 122 F.3d 1076, 1076 (9th Cir. 1997) (quoting *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)). The equal-protection-clause claim therefore fails.

4. **State-Law Claims**

Finally, Mr. Leon claims both intentional and negligent infliction of emotional distress under California law. The court declines to reach these state law claims. "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). And although courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy," a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of exercising supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

---

[16] FAC – ECF No. 25 at 5 (¶ 20).
[17] *Id.* at 4 (¶ 17).

This case is alleged to be a federal-question and supplemental-jurisdiction suit.[18] The parties are all California residents, so diversity jurisdiction is not in question. The court declines to reach the plaintiff's state-law claims.

### 5. Mr. Leon's Supplemental Arguments in The Opposition

The court notices that Mr. Leon also adds new facts in his opposition to the defendants' motion to dismiss. First, Mr. Leon identifies himself as a Latino, and claims that the defendants' pattern of conduct "is indicative of . . . deliberate targeting as a Latino male."[19] In addition, Mr. Leon claims that the defendants "promise[d], at filing . . . [to] hear, within two weeks from the date of filing."[20] He indicates that "[t]his is a new violation for which the Plaintiff has filed a Claim with the city of Hayward."[21]

In this jurisdiction, "[t]he Court cannot consider new facts alleged in opposition papers in deciding a Rule 12(b)(6) motion." *Peters v. Rust Consulting, Inc.*, 2013 WL 12202728, at *2 (C.D. Cal. Dec. 18, 2013). "Ordinarily, the face of the plaintiffs' complaint . . . and the exhibits attached thereto . . . would control the Rule 12(b)(6) inquiry." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998). Accordingly, the court cannot consider these supplemental arguments in this order. If Mr. Leon would like to include these arguments, he has to include them in an amended complaint.

## CONCLUSION

The court grants the defendants' motion to dismiss under Rule 12(b)(6). The amended complaint is dismissed without prejudice and with leave to amend. Any amended complaint is due by January 4, 2018.

---

[18] *Id.* at 2 (¶ 5).
[19] Opp. – ECF No. 40 at 1–2.
[20] *Id.* at 3.
[21] *Id.*

ORDER – No. 17-cv-02720-LB    7

This disposes of ECF No. 30.

**IT IS SO ORDERED.**

Dated: November 28, 2017

_____
LAUREL BEELER
United States Magistrate Judge