UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OLMEDO RIGONAR LEON,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HAYWARD BUILDING DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 17-cv-02720-LB<br><br>**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: ECF No. 51 |

**INTRODUCTION**

Plaintiff Omeldo Leon alleges that the defendants — the City of Hayward and the Hayward Building Department — misused city zoning ordinances to harass and discriminate against him and his daughter. Mr. Leon claims the defendants' actions deprived him of his constitutional rights and violated California state law.[1] The defendants move to dismiss the second amended complaint under Rule 12(b)(6).[2] This motion can be decided without oral argument. *See* Civil L.R. 7-1(b). The court concludes that the second amended complaint does not remedy the defects the court identified in its orders dismissing the previous complaints.[3] Mr. Leon does not sufficiently allege

---

[1] Second Amend. Compl. ("SAC") – ECF No. 48. Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Motion – ECF No. 51.

[3] Orders – ECF No. 22, 44.

ORDER – No. 17-cv-02720-LB

that the defendants deprived him of his federal constitutional rights. Because Mr. Leon does not state a viable federal claim, the court lacks subject-matter jurisdiction over the remaining state-law claims. The court grants the defendants' motion to dismiss and dismisses the federal claims with prejudice and without leave to amend under Rule 12(b)(6). The court does not reach Mr. Leon's state-law claims and dismisses them without prejudice as to his raising them in state court.

## STATEMENT

This dispute stems from zoning violations. More specifically, Hayward Building Department charged Mr. Leon fines for zoning violations associated with his garage, which he also used as an accessory dwelling unit.[4] He claims that these violations existed when he bought his house.[5] The defendants allegedly refused to allow Mr. Leon to file a permit to legalize the unit.[6]

Mr. Leon adds the following new facts to his second amended complaint.[7]

- Mr. Leon is "a Latino male, born in El Salvador."[8]

- "The patterns of conduct complained of in [the] complaint are indicative of deliberate targeting as a Latino male, and of his family as a Latino family."[9]

- Mr. Leon "was subjected to punishing, discriminatory and unfair practices by a number of the Defendants identified as Doe in this Complaint, including the

---

[4] SAC – ECF No. 48 at 4 (¶¶ 13–15).

[5] *Id.* (¶ 15).

[6] *Id.* (¶ 16).

[7] Mr. Leon's opposition to the motion to dismiss (ECF No. 55) states new facts not included in the Second Amended Complaint. Specifically, Mr. Leon states: "In its most recent visitation, Plaintiff received a report from a 'plan checker' that asks for things that are specifically banned by the new statute. . ." Opp. – ECF No. 55 at 6. As the court stated in its previous order (ECF No. 44 at 7), "[t]he Court cannot consider new facts alleged in opposition papers in deciding a Rule 12(b)(6) motion." *Peters v. Rust Consulting, Inc.*, 2013 WL 12202728, at *2 (C.D. Cal. Dec. 18, 2013). "Ordinarily, the face of the plaintiffs' complaint . . . and the exhibits attached thereto . . . would control the Rule 12(b)(6) inquiry." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998). The court cannot consider these supplemental arguments in this order. Moreover, even if the court were to consider these facts, the new allegations do not sufficiently allege a procedural-due-process violation because they do not state conduct that is arbitrary or shocks the conscience. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (quoting *Collins v. Harker Heights,* 503 U.S. 115, 128 (1992) ("[T]he substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'").

[8] *Id.* at 2–3 (¶ 8).

[9] *Id.*

- repetition of demeaning, sexist and discriminatory remarks, such as calling his daughter 'a purported engineer,' stating that she was "unlikely to be capable of doing the design work,' and other such remarks."[10]

- The statements "were made to [Mr. Leon], and in in front of him and his daughter, about her skills and her qualifications, and were an example of invidious discrimination."[11]

- Mr. Leon "was entitled, according to the rules and regulations enacted for operation of the Building Department of the City of Hayward, to file a permit, subject to three free revisions and further revisions at an hourly rate."[12]

- "The refusal to accept the permit was deliberate and discriminatory, and indicative of deliberate targeting as a Latino male, and his family as a Latino family."[13]

- "[A]t a number of meetings members of the Hayward Building Department" called Mr. Leon's daughter 'the so-called engineer.'"[14]

This is Mr. Leon's third complaint. After Mr. Leon filed his original complaint,[15] the defendants moved to dismiss the complaint under Rule 12(b)(6),[16] and the court granted the motion with leave to amend because Mr. Leon stated no viable federal claim and thus the court lacked subject-matter jurisdiction.[17] Mr. Leon filed an amended complaint,[18] the defendants moved to dismiss it under Rule 12(b)(6),[19] and the court granted the motion with leave to amend because Mr. Leon again did not establish a viable federal claim.[20]

Mr. Leon's second amended complaint has four claims: (1) discrimination based on his national origin, and through demeaning and sexist comments (the latter directed at his daughter) in violation of Fourteenth Amendment rights to due process and equal protection; (2) the same discrimination, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; (3) intentional

---

[10] *Id.*

[11] *Id.*

[12] *Id.* at 4–5 (¶ 16)

[13] *Id.*

[14] *Id.*

[15] Compl. – ECF No. 1

[16] Motion – ECF No. 9.

[17] Order – ECF No. 22.

[18] First Amend. Compl. ("FAC") – ECF No. 25.

[19] Motion – ECF No. 30.

[20] Order – ECF No. 44.

infliction of emotional distress in violation of California law; and (4) negligent infliction of emotional distress in violation of California law. The defendants move to dismiss the second amended complaint under Rule 12(b)(6).[21]

**GOVERNING LAW**

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). A claim will normally survive a motion to dismiss if it offers a "short and plain statement . . . showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). This statement "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a mere possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint does not need detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a claim for relief above the speculative level . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted). Also, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n. 2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz,* 234 F.3d at 435.

---

[21] Motion – ECF No. 51.

While a court construes *pro se* pleadings more "leniently," the court cannot salvage claims that are fatally deficient. *See De la Vega v. Bureau of Diplomatic Sec.*, No. 07-CV-3619-WHA, 2007 WL 2900496, at *1 (N.D. Cal. Oct. 1, 2007). If a court dismisses a complaint, it should give leave to amend unless the "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## ANALYSIS

Mr. Leon's second amended complaint does not remedy the defects the court identified in its orders dismissing Mr. Leon's previous complaints.[22] The second amended complaint does not introduce any new facts to support a minimally viable federal claim. The court has given Ms. Leon three chances to plead facts that support his claims that the defendants deprived him of his federal constitutional rights. Because the second amended complaint fails to address the deficiencies the court previously identified, granting Mr. Leon further leave to amend his complaint would be futile. Accordingly, the court dismisses the federal claims in the second amended complaint under Rule 12(b)(6) with prejudice and without leave to amend. The court dismisses the state claims without prejudice to Mr. Leon's raising any state-law claims in state court.

### 1. Federal Claims

#### 1.1 Procedural Due Process

Mr. Leon brings a procedural-due-process claim through § 1983. The complaint does not state a minimally viable procedural-due-process claim because Mr. Leon does not allege a denial of adequate procedural protections. "To prevail on a claim for a procedural due process violation, the party must prove three elements: 1) a protectable liberty or property interest, 2) government deprivation of that interest, and 3) a denial of adequate procedural protections." *Holman v. City of Warrenton*, 242 F. Supp. 2d 791, 803 (D. Or. 2002) (citing *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d 584, 588 (9th Cir. 1998)).

---

[22] Orders – ECF No. 22, 44.

The only new fact in the complaint that supports a procedural-due-process claim is the allegation that Mr. Leon "was entitled, according to the rules and regulations enacted for operation of the Building Department of the City of Hayward, to file a permit, subject to three free revisions and further revisions at an hourly rate" and that Mr. Leon was "refused the right to file [the] permit to legalize the accessory dwelling unit (AUD), despite the fact that they had copies of plans, an application, and a check."[23] The amended complaint, however, does not say anything about the process lying behind the relevant zoning rules, decisions, or penalties. Moreover, Mr. Leon did not pursue an appeal of the decision to deny his permit application.[24] Therefore nothing in the complaint suggests that the defendants denied Mr. Leon "adequate procedural protections."[25]

*Roy v. City of Augusta*, 712 F.2d 1517, 1522–24 (1st Cir. 1983) (cited by Mr. Leon in support of his claim) does not change that conclusion. In *Roy*, the plaintiff sued the city of Augusta in state court for denying his application to renew his license to operate a pool and billiard room. *Id.* at 1519. The Maine Supreme Judicial court concluded that the city's licensing ordinance violated state-licensing laws, and ordered the city to renew the plaintiff's license. *Id.* In response to the court's order, the city issued the plaintiff an expired and invalid license. *Id.* at 1519–20. The plaintiff then sued the city in federal court alleging that the city violated his right to procedural due process. *Id.* at 1520. The First Circuit Court of Appeals concluded that the city's response to the state-court order deprived the plaintiff of his property without procedural due process because the city disregarded the state-court order. *Id.* at 1522.

The allegations in the complaint describe no such situation. The complaint does not allege that the defendants deliberately ignored state processes or court orders. Mr. Leon's reliance on *Roy* is therefore misplaced.

The court therefore dismisses the procedural-due-process claim with prejudice.

---

[23] SAC – ECF No. 48 at 4 (¶ 16).

[24] Order – ECF No. 44 at 5.

[25] Order – ECF No. 22 at 8–9.

### 1.2 Substantive Due Process

Mr. Leon also brings a substantive-due-process claim. The complaint does not allege a *prima facie* substantive-due-process violation. Substantive due process "prevents the government from engaging in conduct that 'shocks the conscience,' . . . or interferes with rights 'implicit in the concept of ordered liberty.'" *Salerno,* 481 U.S. at 746 (quoting *Rochin v. California,* 342 U.S. 165, 172 (1952) and *Palko v. Connecticut,* 302 U.S. 319, 325–26 (1937)). The Supreme Court has repeatedly held that that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998) (quoting *Collins v. Harker Heights,* 503 U.S. 115, 128 (1992)). And "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" *Id.* at 846 (quoting *Collins*, 503 U.S. at 128).

The amended complaint alleges that the defendants deliberately targeted Mr. Leon because he is a Latino. The allegations of invidious discrimination, however, are not supported by more than conclusory facts. The complaint states: "[t]he patterns of conduct complained of in [the] complaint are indicative of deliberate targeting as a Latino male, and of his family as a Latino family."[26] The defendants' pattern of conduct includes: charging Mr. Leon for zoning violations that existed when he bought his house;[27] levying "a number of heavy fines" against him;[28] refusing to allow him to file a permit "to legalize the accessory dwelling unit";[29] and calling his daughter "a purported engineer" who is "unlikely to be capable of doing the design work."[30] These facts, without more, do not support the allegation that the city discriminated against Mr. Leon based on his national origin. The conduct alleged in the complaint therefore does not rise to the level of conduct that can be said to "shock the conscience" or be "arbitrary in the constitutional sense." *See Lewis*, 523 U.S. at 847. The court dismisses the substantive-due-process claim with prejudice.

---

[26] SAC – ECF No. 48 at 5 (¶ 19).

[27] *Id.* at 4 (¶¶ 15–16).

[28] *Id.* at 6 (¶ 21).

[29] *Id.* at 4 (¶ 16).

[30] *Id.* at 5 (¶ 20).

**1.3 Equal Protection**

Mr. Leon claims that the defendants discriminated against him based on his national origin and made sexist comments about his daughter, in violation of the Equal Protection Clause. The equal-protection claim fails because Mr. Leon has not pled with specificity that the defendants intentionally discriminated against him.

"To state a § 1983 claim for violation of the Equal Protection Clause," a plaintiff "must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles,* 250 F.3d 668, 686 (9th Cir. 2001) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) *cert. denied*, 525 U.S. 1154 (1999)); *accord Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). Put slightly differently, a plaintiff alleging that he was denied equal protection based on his race or other suspect classification "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." *Monteiro v. Tempe Union High Sch. Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998); *accord, e.g., Caddell v. Helena Elder Hous., Inc.,* 494 F. App'x 809, 810 (9th Cir. 2012) ("The district court properly dismissed . . . equal protection claims . . . because [plaintiff] failed to allege facts demonstrating a discriminatory intent."). "[B]are assertions" and "conclusory allegations" of discrimination will not suffice. *See Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009) (discussing *Iqbal*, 556 U.S. at 680–81). Nor will the merely "formulaic recitation of the elements" of a constitutional discrimination claim. *Iqbal*, 556 U.S. at 680–81 (quoting *Twombly,* 550 U.S. at 555). Additionally, "[c]onstitutional rights are personal and may not be asserted vicariously." *Broadrick v. Oklahoma*, 413 U.S. 601, 610 (1973); *Wesgate v. Leorna*, 122 F.3d 1076, 1076 (9th Cir. 1997) (quoting *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)).

While Mr. Leon now identifies himself as a Latino male and alleges that the defendants discriminated against him based on his national origin in making their decision to deny him a permit, the complaint does not allege facts suggesting discriminatory intent. There are no facts in his complaint to support his conclusory allegation that the defendants' "refusal to accept [his] permit was deliberate and discriminatory, and indicative of deliberate targeting as a Latino

male."[31] Mr. Leon's allegations that the defendant discriminated against him based on his national origin are wholly conclusory. The only facts about discriminatory conduct in the complaint focus on the sexist comments made to Mr. Leon's daughter about her qualifications as an engineer.[32] Mr. Leon cannot assert an equal-protection claim on behalf of his daughter. *See Broadrick*, 13 U.S. at 610.

The court therefore dismisses the equal-protection claim with prejudice.

### 1.4  Fair Housing Act

Mr. Leon brings a claim under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. The complaint does not state a minimally viable claim under the Fair Housing Act. This statute outlaws discrimination in the "sale" or "rental" of housing based upon someone's "race, color, religion, sex, familial status, or national origin." *See generally* 42 U.S.C. §§ 3603–04. Mr. Leon does not allege that the defendants discriminated against him in the sale or rental of a property. Nothing in the complaint suggests that this case involves the sale or rental of a dwelling. Even under the most lenient reading, the complaint does not suggest that this is a Fair Housing Act case. This claim is therefore dismissed with prejudice.

### 1.5  Eighth Amendment

The complaint appears to bring an Eighth Amendment Excessive Fines claim because Mr. Leon alleges that the defendants charged him unfair fines for zoning violations. The complaint does not state a *prima facie* Excessive Fines claim.

The Eighth Amendment's Excessive Fines clause "limits the government's power to extract payments, whether in cash or in kind, "as punishment for some offense." *Austin v. United States*, 509 U.S. 602, 609–10 (1993) (quoting *Browning–Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989)) (emphasis removed). This "notion of punishment . . . cuts across the division between the civil and the criminal law." *Id.* at 610 (quoting *United States v. Halper,* 490 U.S. 435, 447–48 (1989)). "The touchstone of the constitutional inquiry under the

---

[31] *Id.* at 4 (¶ 16).

[32] *Id.* at 5–6 (¶ 20).

ORDER – No. 17-cv-02720-LB             9

Excessive Fines Clause," moreover, "is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998). "[A] punitive forfeiture" — which can include a civil penalty — "violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Id.*; *accord U.S. Secs. & Exch. Comm'n v. Brookstreet Secs. Corp.*, 664 F. App'x 654, 656 (9th Cir. 2016) ("civil penalty").

The allegations in the complaint are not sufficient to allow allow a fact-finder to decide whether the fines the defendants charged Mr. Leon are constitutionally excessive. The complaint says only that he was "issued a number of very large fines."[33] The complaint does not say how much or how many times the defendants fined Mr. Leon. He does not allege facts that suggest that the fines were disproportionate to the zoning violations. *See Brookstreet Securities*, 664 F. App'x at 656 (one Excessive Fines factor is "nature and extent" of violation). The complaint also alleges that the defendants told Mr. Leon that "the amount required to appeal" the zoning decision "exceeded. . . $800."[34] The plaintiff alleges that this fee "discourage[s]" people from seeking review of zoning decisions.[35] But as the court explained to Mr. Leon in its prior order, a filing fee is not a "punishment" within the scope of the Eighth Amendment.[36]

The court therefore dismisses the Eighth Amendment claim with prejudice.

### 1.6 Takings Clause

In his opposition, Mr. Leon raises for the first time a claim that the defendant's actions amount to an unconstitutional taking of his property.[37] The facts alleged in the complaint do not state a minimally viable takings clause claim.

---

[33] *Id.*

[34] *Id.* at 6 (¶ 21).

[35] *Id.*

[36] Order – ECF No. 22 at 8.

[37] Opp. – ECF No. 6–7. The court cannot procedurally consider this claim because Mr. Leon did not raise it in his Second Amended Complaint. *See Schneider*, 151 F.3d at 1197 ("Ordinarily, the face of the plaintiffs' complaint . . . and the exhibits attached thereto . . . would control the Rule 12(b)(6) inquiry.") Regardless, the court addresses it in its analysis to explain the deficiencies of the claim to Mr. Leon.

The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. It applies to the states through the Due Process Clause of the Fourteenth Amendment. *E.g., Schneider v. California Dep't Of Corrections*, 151 F.3d 1194, 1198 (9th Cir. 1998). The "taking" need not be the classic "appropriation[] or ouster[]" of an eminent-domain proceeding; it can also be a "regulatory taking" — *i.e.* land-use restrictions so burdensome that they effectively deprive the owner of the property's use. *See generally Small Prop. Owners of San Francisco v. City & Cty. of San Francisco*, 141 Cal. App. 4th 1388, 1396–97 (2006) (describing regulatory takings) ("The Takings Clause applies as well to government enactments that, while not direct appropriations or ousters, are equivalent thereto. These enactments have been called regulatory takings . . . .").

The complaint alleges that Mr. Leon was "issued a very large number of fines" and "told the amount required to appeal exceeded the sum of $800."[38] The complaint does not claim, or factually allege, that the zoning restrictions have stripped Mr. Leon's property of "all beneficial economic use"; nor has Mr. Leon made the lesser showing that the zoning rules have had such an "adverse economic impact" that they amount to the "functional equivalent of a traditional taking." *See Small Property Owners*, 141 Cal. App. 4th at 1396 (citing *Penn Central Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978)). The court therefore dismisses the takings-clause claim with prejudice.

### 2. State-Law Claims

This is a federal-question and supplemental-jurisdiction suit.[39] The parties are all California residents, so diversity jurisdiction is not in question. The plaintiff has not stated a minimally viable federal claim. The court thus lacks federal-question jurisdiction. Without jurisdiction, the court does not reach Mr. Leon's state-law claims and dismisses them without prejudice to his raising them in state court.

---

[38] SAC – ECF No. 48 at 6 (¶ 21).

[39] *Id.* at 2 (¶ 5).

ORDER – No. 17-cv-02720-LB           11

## CONCLUSION

Mr. Leon fails to state a minimally viable federal claim. Further leave to amend the complaint to state federal claims against the defendants would be futile because Mr. Leon has not remedied the deficiencies in the complaint that the court identified in its prior orders. Accordingly, the court grants the defendants' motion to dismiss and dismisses the federal claims with prejudice and without leave to amend under Rule 12(b)(6). The court dismisses the state claims without prejudice to Mr. Leon's raising any state-law claims in state court.

This disposes of ECF No. 51.

**IT IS SO ORDERED.**

Dated: March 2, 2018

_____
LAUREL BEELER
United States Magistrate Judge